IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NATIONWIDE INSURANCE        :        CIVIL ACTION
INDEPENDENT CONTRACTORS    :
ASSOCIATION, INC.          :
                        :
        v.            :
                        :
NATIONWIDE MUTUAL INSURANCE :
COMPANY                :        NO. 11-3085

MEMORANDUM

McLaughlin, J.                      October 5, 2011

Nationwide Insurance Independent Contractors Association, Inc. ("NIICA") brings suit against Nationwide Mutual Insurance Co. ("Nationwide") challenging changes the defendant has made to its employment contracts in recent years.

The defendant filed a motion to dismiss, abstain or transfer.  The Court will grant the defendant's motion to dismiss.

I.   Facts as Alleged in the Complaint

NIICA is an organization that represents insurance agents who have contracts with Nationwide.  The agents are independent contractors who sell Nationwide insurance policies to their clients. Compl. ¶¶ 2, 16.  This lawsuit arises from several changes that Nationwide made in contracts with these independent agents.  The plaintiff alleges these changes breach the agents' employment contracts in several ways.

-1-

First, NIICA challenges changes in the agents'
compensation plans.  Id. ¶¶ 30-33.  Before 2004, many agents were
compensated under a plan in which they automatically accumulated
deferred income credits based on their annual earnings.  An agent
could also choose to enroll in an alternate compensation program
which lacked deferred income credits.  In 2004, Nationwide
introduced a new contract form that eliminated deferred income
credits entirely.  Id. ¶¶ 30, 33.  In September of 2009,
Nationwide changed its compensation scheme again by introducing
an optional program which altered commission rates on certain
products for those agents who chose not to accumulate deferred
income credits.  Id. ¶¶ 36-40.

The plaintiff alleges that the 2009 change
discriminates against those agents who chose not to forgo
deferred income credits.  Id. ¶¶ 44-45.  The plaintiff also
alleges that this contract change discriminates against smaller
agents who chose to forgo deferred income credits.  Id. ¶¶ 63-64.
The plaintiff seeks a declaration that this policy change is a
breach of agents' existing contracts or of the implied covenant
of good faith and fair dealing (Counts One and Three). Id. ¶¶ 49-
56, 65.

Second, the plaintiff challenges Nationwide's proposed
plan to impose a fee on agents servicing policies through
companies other than Nationwide.  The plaintiff seeks a

-2-

declaration that this is a breach of agents' existing contracts or of the implied covenant of good faith and fair dealing (Count Two).  Id. ¶¶ 57-61.

Third, the plaintiff objects to another compensation plan change.  In 2006, Nationwide introduced a new "On Your Side Promise" plan that offered financial rewards to agents who agreed to submit to certain corporate controls.  Id. ¶¶ 34-35.  The plaintiff claims that the On Your Side Promise plan discriminates by offering bonuses, which were originally meant to be performance-based, only to those who submitted to new corporate controls.  Id. ¶¶ 46, 66.  The plaintiff likewise seeks a declaration that this new arrangement is a breach of contract or the covenant of good faith and fair dealing (Count Four).  Id. ¶ 67.

Fourth, the plaintiff disputes the validity of Nationwide's claim of exclusive ownership of policyholder information and Nationwide's assertion that policyholder information is its trade secret.  Id. ¶¶ 26-27, 39, 74, 81.  The plaintiff seeks a declaration that these assertions breach the provisions of pre-2000 contracts which expressly contemplate agents' competition with Nationwide, and are unenforceable with regard to post-2000 contracts (Count Five).  Id. ¶¶ 69-74.  The plaintiff also objects to the designation of policyholder information as a "trade secret," which the plaintiff claims is

unsupportable under trade secret law (Count Six).  Id. ¶¶ 76-81.

Finally, the plaintiff seeks an order declaring that Nationwide's administrative handbook, which also asserts that policyholder information belongs exclusively to Nationwide, is not part of agents' contracts (Count Seven).  Id. ¶¶ 82-84.

The defendant moves to dismiss the complaint for lack of standing.  In the alternative, the defendant argues that the Court should exercise its discretion under the Declaratory Judgment Act and decline to hear this case, or transfer the case to the Southern District of Ohio.  Because the Court grants the motion to dismiss for lack of standing, the Court does not consider the defendant's other requests.

II.  Analysis[1]

An association has the right to bring a lawsuit on behalf of its members even when the association itself has not suffered any direct injury.  Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 342 (1977).  An association has standing

---

[1] In evaluating a motion to dismiss under Rule 12(b)(6), a court must accept all well-pleaded facts as true, and must construe the complaint in the light most favorable to the plaintiff. But the court should disregard any legal conclusions. Fowler v. UPMC Shadyside, 578 F.3d. 203, 210-11 (3d Cir. 2009). The court must then determine whether the facts alleged are sufficient to show that the plaintiff has a "plausible claim for relief". Id. at 211.  If the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, then the complaint has alleged, but it has not shown, that the pleader is entitled to relief. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

-4-

when: 1) its members would otherwise have standing to sue in their own right; 2) the interests it seeks to protect are germane to the organization's purpose; and 3) neither the claim asserted nor the relief requested requires the participation of individual members of the organization.  <u>Id.</u> at 343.  A plaintiff seeking jurisdiction in federal court has the burden of showing that it has standing.  <u>Summers v. Earth Island Inst.</u>, 555 U.S. 488, 129 S. Ct. 1142, 1149 (2009).

A.   Individual Members of the Association Must Have Standing

In order for an association to have standing to bring suit, individual members must have standing in their own right. <u>Hunt</u>, 432 U.S. at 343.  In <u>Summers</u>, the Supreme Court held that in order to satisfy the first prong of the <u>Hunt</u> test, plaintiff organizations must make specific allegations that at least one identified member has or would suffer harm.  <u>Summers</u>, 129 S. Ct. at 1151.  Without an allegation that a specific member of the association is subject to harm, the case must be dismissed for lack of standing.  <u>Pa. Prison Soc'y v. Cortes</u>, 622 F.3d 215, 228 (3d Cir. 2010).

The plaintiff's complaint does not name any individual members who would have standing in this case.  It only states that its members in general "are suffering threatened injury" Compl. ¶ 11.  In its opposition to this motion, the plaintiff

provided the declaration of David A. Gardner, a Pennsylvania NIICA member who claims he was or will be injured by the contract changes described above.  Gardner Decl. ¶¶ 5, 6, 8.

      The addition of Gardner's declaration does not fix the deficiencies in the original complaint.  First, any individual harmed should be named in the complaint.  Cf. Frederico v. Home Depot, 507 F.3d 188, 202 (3d Cir. 2007).  In addition, Gardner does not allege injury from all of the contract alterations at issue here, particularly the third count, which he does not mention, and the policies at issue in the fourth, fifth, sixth, and seventh counts, which he alleges create potential future injury to him.  Gardner Decl. ¶¶ 2, 6-9.  In addition, the plaintiff's discrimination claims arise from the contract changes which some agents participated in and others did not.  Gardner did not participate.  To the extent that NIIAC also seeks to litigate on behalf of those who took part of the contract changes, Gardner is not among that group.

      In addition, the plaintiff seeks declaratory relief alleging breach of contract with respect to at least five different contracts.  Compl. ¶ 10.  It is unclear how Gardner has standing to bring breach of contract claims for contracts to which he is not a party.

      The Court concludes that the plaintiff has not met the first prong of the Hunt test.

-6-

B.   The Interest Protected Must be Germane to the Purpose
     of the Association

In order for an association to bring a lawsuit on
behalf of its members, the interest protected must be "germane"
to the organization's purpose.  <u>Hunt</u>, 432 U.S. at 343.  The
plaintiff's complaint offers only the conclusory statement that
"the interests NIICA seeks to protect are germane to the
association's purpose".  Compl. ¶ 13.  There is no description of
the organization's purpose or how this suit protects those
interests.

In addition, in the Third Circuit, a court must also
consider under this prong the possibility of a conflict of
interest among members of the organization.  When organizational
members have a genuine conflict of interest which is more than
slight or theoretical, that counsels against finding standing.
<u>Amato v. Wilentz</u>, 952 F.2d 742, 750 (3d Cir. 1991).  An
association may have standing, however, so long as the
association's position is not contrary to the interests of a
majority of its members.  <u>Hosp. Council of W. Pa. v. Pittsburgh</u>,
949 F.2d 83, 88-89 (3d Cir. 1991).

The plaintiff alleges discrimination by the defendant,
yet concludes that despite varied treatment of agents, all of its
members are made worse off by the contract amendments.  Compl. ¶¶
44, 62, 56.  A discrimination claim necessarily implies that some

-7-

agents are treated more favorably than others by the contract modifications.  The plaintiff does not offer facts to support its theory that no agent is benefitted by the differential treatment.

It may be the case that the majority of NIICA members are harmed by the contractual changes.  If this is so, then the NIICA may have standing under the more lenient Hospital Council test.  The complaint, however, does not provide any factual support to show that the majority of NIICA members are harmed by the contractual changes.

The plaintiff's conclusory statement of universal harm to all of its members under all of the relevant contracts does not raise a plausible claim that it has met the second prong of the Hunt test.

C.   Neither Claim Nor Relief Must Require Participation of
Individual Members in the Lawsuit

Finally, in order for an association to have standing on behalf of its members, neither the claim asserted nor the relief requested must require that individual members participate in the lawsuit.  Hunt, 432 U.S. at 343.  The plaintiff does not need to show, however, that absolutely no individual participation will be necessary.  The need for individual participation by some association members is not an absolute bar to standing.  Pa. Psychiatric Soc'y v. Green Spring Health Servs.Inc., 280 F.3d 278, 283-85 (3d Cir. 2002).

-8-

In considering a motion to dismiss, a court should accept the plaintiff's assertion that it can prove its allegations without extensive individual participation, even if the court suspects that this will be difficult to do.  Id. at 286.  The complaint may be dismissed at a later stage if the plaintiff cannot demonstrate that it can prove its allegations without individual participation.  Id. at 287.

The plaintiff here does not provide any factual evidence to support the conclusion that individual participation will not be necessary.  NIICA provides only a conclusory statement, that "[t]he claims asserted and the relief requested do not require either the participation of individual members of NIICA or an examination of the particular facts of any individual member's situation".  Compl. ¶ 14.

D.   Dismissal

The defendant requests that this Court dismiss the plaintiff's complaint with prejudice, arguing that the plaintiff cannot allege sufficient facts to show associational standing, and thus it is futile to allow the plaintiff to replead. Although the Court notes that the plaintiff has not requested the opportunity to amend its complaint in response to the defendant's motion, based on the limited factual record before it, the Court cannot conclude that allowing the plaintiffs to replead its complaint would be futile.  Grayson v. Mayview State Hosp., 293

-9-

F.3d 103, 108 (3d Cir. 2002).  The Court therefore grants the
motion.  The plaintiff's complaint is dismissed without
prejudice.

        An appropriate order will issue.